NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELIAS RIVERA,                     :
                                        Civil Action No. 04-5815 (JLL)
                Petitioner,       :

        v.                        :     **OPINION**

ATTORNEY GENERAL, et al.,         :

                Respondents.      :


**APPEARANCES:**

Elias Rivera, Petitioner pro se
# 220192/504193
Southwoods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Gregory R. Gonzalez
Assistant Prosecutor
Hudson County Prosecutor's Office
595 Newark Avenue
Jersey City, NJ 07306
Attorney for Respondents

**LINARES**, District Judge

        Petitioner Elias Rivera, a prisoner currently confined at

Southwoods State Prison, has submitted a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondents are

---

        [1] Section 2254 provides in relevant part:

        (a) The Supreme Court, a Justice thereof, a circuit
        judge, or a district court shall entertain an
        application for a writ of habeas corpus in behalf of a
        person in custody pursuant to the judgment of a State
        court only on the ground that he is in custody in
        violation of the Constitution or laws or treaties of
        the United States.

the New Jersey Attorney General and Administrator Kathryn
MacFarland.  For the following reasons, the Petition will be
dismissed as untimely.

## BACKGROUND

On June 30, 1989, Petitioner was convicted in the Superior
Court of New Jersey, Law Division, Hudson County, of murder and
possession of a weapon for an unlawful purpose.  He was sentenced
to a term of 30 years imprisonment with 30 years parole
ineligibility.  (Respondents' Appendix "Ra" 1).

The Superior Court of New Jersey, Appellate Division
("Appellate Division") affirmed the conviction and sentence on
June 13, 1991.  (Ra 2).  The New Jersey Supreme Court denied
certification on October 30, 1991.  (Ra 7).  Petitioner did not
petition the United States Supreme Court for a writ of
certiorari.

On August 3, 1993, Petitioner filed in this Court a petition
for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.  (Ra
8).  The petition was dismissed, without prejudice, for failure
to exhaust state court remedies on August 31, 1993.  (Ra 14).

On February 18, 1993, Petitioner filed with the Superior
Court, Law Division, Hudson County, his first state court
petition for post-conviction relief ("PCR").  (Ra 15).  The court
denied the first PCR petition by letter opinion and order dated
September 7, 1994.  (Ra 17).  Petitioner attempted to appeal the

2

denial in 1996; however, the Appellate Division denied

Petitioner's motion to file the appeal nunc pro tunc.   (Ra 21).

On or about January 17, 1997, Petitioner filed his second

state PCR petition.  (Ra 21).  The court found that the petition

was untimely and had no merit, and denied relief on April 23,

1998.  (Ra 18, Ra 22).  On November 12, 1999, the Appellate

Division affirmed the denial of relief.  (Ra 28).  The Appellate

Division held that the PCR court was correct in concluding that

Petitioner's second PCR petition was untimely under New Jersey

court rules.  (Ra 21-24).  On March 22, 2000, the New Jersey

Supreme Court denied certification.  (Ra 25).

On January 11, 2001, the Petitioner filed a motion for a

change of sentence in the Law Division, which was denied on

February 7, 2001.  (Ra 28).

On January 5, 2004, Petitioner filed his third PCR petition.

(Ra 26).  The motion was denied as untimely under New Jersey

court rules on February 6, 2004.  (Ra 33).

The Petition filed with this Court seeking relief pursuant

to 28 U.S.C. § 2254 is not dated; however, the accompanying

application to proceed in forma pauperis is dated November 16,

2004.  Thus, the petition will be deemed filed as of that date

for purposes of this Opinion and the accompanying Order.  See

Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1999) ("a pro se

prisoner's habeas petition is deemed filed at the moment he

delivers it to prison officials for mailing to the district

3

court") (citing <u>Houston v. Lack</u>, 487 U.S. 266 (1988)).

Respondents filed an Answer to the Petition on July 25, 2005.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

**A.    Statute of Limitations**

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

4

> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Thus, Petitioner's conviction became final on or around January 30, 1992, 90 days after the New Jersey Supreme Court denied certification on October 30, 1991. Because Petitioner's conviction became final before April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the petitioner had one year, or until April 23, 1997, to file his petition for a writ of habeas corpus. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the

limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz</u>, 204 F.3d at 420-24.[2]

Petitioner filed a second state PCR petition on January 17, 1997, and a third state PCR petition on January 5, 2004.[3]  These PCR petitions, however, clearly were not "properly filed" applications for state post-conviction relief.  The United States Supreme Court has explained:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "<u>properly</u> filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some

---

[2]  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  <u>Stokes v. District Attorney of the County of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir.), <u>cert. denied</u>, 534 U.S. 959 (2001).

[3]  As Respondents conceded, Petitioner's first PCR motion was properly filed on February 18, 1993, and remained pending until late 1994, when an appeal could have been, but was not, timely filed.  Because Petitioner's conviction did not become final under the AEDPA until April 23, 1997, these dates are of little or no consequence to the outcome of this case.

> jurisdictions the filing requirements also include, for
> example, preconditions imposed on particular abusive
> filers, or on all filers generally.  But in common
> usage, the question whether an application has been
> "properly filed" is quite separate from the question
> whether the claims contained in the application are
> meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (internal citations and
footnote omitted).

Where a state court has rejected a petition for post-conviction relief as untimely, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  See Pace v. Diguglielmo, 125 S. Ct. 1807, 1814 (2005).  This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  See Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

Here, both the trial court and the Appellate Division clearly held that the second and third PCR petitions were untimely.  Thus, that is the end of the matter.  The second and third PCR petitions do not toll the limitations period under § 2244(d)(2).  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004).  Therefore, because Petitioner's statute of limitations expired on April 23, 1997, and because the instant petition was not filed until November 2004, the instant petition is untimely.

The Court notes that the limitations period of § 2244(d) is also subject to equitable tolling.  See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey

State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).

However, equitable tolling applies:

> only when the principles of equity would make the rigid
> application of a limitation period unfair. Generally,
> this will occur when the petitioner has in some
> extraordinary way been prevented from asserting his or
> her rights. The petitioner must show that he or she
> exercised reasonable diligence in investigating and
> bringing [the] claims. Mere excusable neglect is not
> sufficient.

Miller, 145 F.3d at 618-19 (citations omitted). Among other

things, the Court of Appeals for the Third Circuit has held that

equitable tolling may be appropriate "if the plaintiff has timely

asserted his rights mistakenly in the wrong forum," i.e., if a

petitioner has filed a timely but unexhausted federal habeas

petition. See Jones, 195 F.3d at 159; see also Duncan v. Walker,

533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J.,

concurring in part) ("neither the Court's narrow holding [that

the limitations period is not statutorily tolled during the

pendency of a premature federal habeas petition], nor anything in

the text or legislative history of AEDPA, precludes a federal

court from deeming the limitations period tolled for such a

petition as a matter of equity"); 533 U.S. at 192 (Breyer, J.,

dissenting, joined by Ginsburg, J.) (characterizing Justice

Stevens's suggestion as "sound").

Here, Petitioner has suggested no facts that would justify

equitable tolling. Accordingly, the Petition is untimely, and

will be dismissed with prejudice.

B.    <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable that the Petition is untimely.

CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is dismissed, with

9

prejudice.  The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

An appropriate Order accompanies this Opinion.


JOSE L. LINARES
United States District Judge

Dated: 3/2/06